Bevan J. Maxey
Attorney for Defendant
Maxey Law Office, PLLC
1835 W. Broadway Ave.
Spokane, WA 99201
Phone: (509) 326-0338

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WASHINGTON

| United States of America, | No. 4:19-CR-06061-SAB-1 |
|---|---|
| Plaintiff, | Supplemental Briefing re: Defendant's Motion for Detention Review (ECF No. 87) |
| v. | |
| Julio Leal Parra, | |
| Defendant. | *January 6, 2020*<br>*Magistrate Judge Dimke* |

Supplemental Briefing re: Defendant's
Motion for Detention Review
pg. 1

# I. Introduction

Defendant, Mr. Julio Leal Parra, respectfully requests the Court order his release from custody pending trial in this matter. The Court should order his release because:

***First***, Mr. Parra can post a personal percentage bond, co-signed by a family member with lawful status in the United States, and secured by Mr. Parra's residential property; and

***Second***, there are conditions of release which will reasonably assure the subsequent court appearances of Mr. Parra and the safety of the community, *contra* 18 U.S.C. § 31412(e)(3) (rebuttable presumption of detention).

# II. Background

**A. Procedural Background**

Mr. Parra's previous counsel filed a motion for detention review on November 19, 2019. ECF No. 87. Mr. Parra obtained new counsel subsequent to filing his motion. ECF Nos. 98, 100. This brief is a supplement his motion, and specifically addresses the Court's concerns as outlined in its detention order, ECF No. 64, and order setting a hearing on detention review, ECF No. 96 at 2. Exhibits have been highlighted so that pertinent information can be easily identified.

///

///

Supplemental Briefing re: Defendant's
Motion for Detention Review
pg. 2

**B. Factual Background**

*1. Mr. Parra's real property*

Mr. Parra owns one house. *See* Exhibit 1 (parcel information showing grantor/grantee transactions and dollar amounts). His house is located at 43405 N 280 PRNE in Benton City, Washington. *Id.* He obtained title to his home by statutory warranty deed on August 21, 2017, *see* Exhibit 2 (deed and excise tax affidavit), and paid $224,000 for it under a seller-financing agreement, *see* Exhibit 3 (addendum re: seller financing *and* mortgage payment ledger). His home is currently valued at $295,000, *see* Exhibit 4 (appraisal), and he owes a remaining balance of $200,000 to the grantee of the deed of trust. Mr. Parra's son, Mr. Julio Borquez, has been making the payments on the house while this matter is pending with funds obtained from the sale of Mr. Borquez's business (discussed below).

Mr. Parra previously owned another home and a commercial building, but he sold those. The home he previously owned was purchased in 2003 and is located at 933 S 4th Lane in Pasco, Washington. Mr. Parra sold this home on April 24, 2018. *See* Exhibits 5 (parcel information showing grantor/grantee transactions and dollar amounts) and 6 (tax forms regarding sale of home). The commercial building Mr. Parra previously owned is located at 15 E 1st Avenue in Kennewick, Washington, and was sold on January 22, 2018. *See* Exhibit 7 (parcel information showing grantor/grantee transactions and dollar amounts). The

proceeds he received from these transactions were used to help his son buy "Su Karne" meat market, discussed further below.

Mr. Parra does not own any other real property besides the house located at 43405 N 280 PRNE in Benton City, Washington.

*2. Mr. Parra's businesses*

Mr. Parra has been self-employed and operated businesses in the community since at least 2004. In 2004, Mr. Parra entered into a partnership with Mr. Samuel Limon. *See* Exhibit 8. That partnership did business as "Upholstery Services," *id.*, and remained in business until sometime in 2012, before it continued under a different name, "Perfect Design," discussed further below. In February 2012, Mr. Parra formed a limited liability company (LLC) under the name "Tri-Cities Imports LLC." *See* Exhibit 9. That company was in the business of importing produce and distributing it to local grocers, however it was not a successful enterprise and only lasted a few months. The company was dissolved administratively by the Washington Secretary of State on June 3, 2013. *Id.*

As "Tri-Cities Imports LLC" failed, Mr. Parra entered into a new business venture. He formed "Leal Enterprises, LLC" on January 1, 2013. *See* Exhibit 10. "Leal Enterprises, LLC" operated Mr. Parra's former upholstery business under a new name, "Perfect Design," but with the liability benefits of operating as an LLC as opposed to a partnership. The companies continued to operate until recently, and were closed because they were no longer profitable and owed a substantial

Supplemental Briefing re: Defendant's
Motion for Detention Review
pg. 4

sum of taxes to the state and federal governments. Mr. Parra did not sell "Leal Enterprises" or "Perfect Design." "Leal Enterprises" was administratively dissolved by the Washington Secretary of State on June 3, 2019. *Id.*

Additionally, Mr. Parra invested in his son's company, "Rod Investments, LLC" in 2018. "Rod Investments, LLC" operated a meat market and deli in the community known as "Su Karne." *See* Exhibit 11 operating agreement for "Rod Investments"). Initially, Mr. Parra's son, Mr. Julio Borquez, owned a governing share of 80%, and Mr. Parra and another investor owned 10% each. *Id.* That changed in July 2019, when Mr. Borquez bought the other members out and assumed 100% of the company. *See* Exhibit 12. "Su Karne" was eventually sold by Mr. Parra's son, Mr. Borquez. *See* Exhibit 13. Mr. Borquez was paid $88,988 by check and received a 2018 Ford Lightning limited-edition truck (discussed further below) as a down payment on "Su Karne," and he obtained a promissory note for $100,000. *Id.* Mr. Borquez receives $10,000 per month under the "Su Karne" sale promissory note.

As of now, Mr. Parra does not own, operate, manage, or control any businesses in the community.

*3. Mr. Parra's other assets*

Mr. Parra has one bank account with Wells Fargo. *See* Exhibit 14. He has a *negative* balance of approximately $227.

Mr. Parra and his family also have some vehicles.

Supplemental Briefing re: Defendant's
Motion for Detention Review
pg. 5

Mr. Parra drives a 2013 Hyundai Sonata, but the vehicle is registered to Mr. Enrique Salas. Mr. Salas was a business partner of Mr. Parra's and the vehicle was financed and registered to him because Mr. Parra did not have sufficient credit.[1] The vehicle is worth approximately $3,000, but the payments are in default. *See* Exhibit 15 (NADA value *and* notice of default from bank).

Mr. Parra's ex-wife, Ms. Maria Sillas, drives a 2018 Hyundai Kona. She pays for the vehicle, but it is also registered in another person's name: Ms. Diana Garza. It is registered to Ms. Garza because Ms. Sillas did not have sufficient credit to finance the vehicle in her name. Ms. Sillas owes approximately $20,000 on the vehicle. *See* Exhibit 16 (purchase agreement *and* temporary dealer registration *and* auto loan statement).

Mr. Parra and Ms. Sillas used to share a 2008 Mazda CX7, but it was totaled and has been sitting in a shop for about a year (which led Ms. Sillas to purchase the Hyundai Kona). They purchased the Mazda new in 2008 and plan to sell it as a parts vehicle.

Mr. Parra also owns a 1991 Ford Econoline work van. It is worth approximately $1,000. Mr. Parra and Mr. Borquez used this vehicle in connection with their businesses, "Perfect Design" and "Su Karne."

---

[1] Mr. Parra respectfully asks the Court to be cognizant of the fact that obtaining financing or credit is difficult for a person who does not have legal status in the United States.

Mr. Parra is the registered owner of a 2013 Dodge Caravan, but the van is possessed and used by his brother-in-law in Phoenix, Arizona. This vehicle was purchased in 2016 when Mr. Parra had decent credit and was able to put the vehicle in his name, but it was purchased for his brother-in-law and was not intended to be Mr. Parra's vehicle. Mr. Parra's brother-in-law owes approximately $12,000 on the vehicle. *See* Exhibit 17 (auto loan statement).

Mr. Parra's son, Mr. Borquez, also has some vehicles. Mr. Borquez had a 2011 Shelby Mustang that was registered to Mr. Apolinar Yam (again, due to credit rating issues), but that vehicle was re-possessed by the bank. Mr. Borquez currently drives a 2007 Ford Mustang he purchased in 2015, but the vehicle is registered in Ms. Sillas' name. The vehicle was totaled in 2016 and Mr. Borquez bought it back from the insurance company. It is currently worth approximately $1,000. Finally, Mr. Borquez owns a 2018 Ford Lightning limited-edition truck valued at approximately $80,000. He obtained this vehicle as part of the sale of "Su Karne." Mr. Borquez has not yet registered the vehicle in his name due to the state taxes associated with that filing.

*4. Other pertinent facts*

U.S. Probation recommended Mr. Parra's release under conditions, concluding "conditions of release can be fashioned by the Court that would reasonably assure future court appearances and address the danger to other persons or the community." ECF No. 45 at 4.

Mr. Parra has substantial ties to the community that he has resided in for the last 22 years. His immediate family lives in the Tri-Cities area and he has owned and operated businesses in the community. Mr. Parra has attached a tax return history report, *see* Exhibit 18, and pertinent portions of his most recent tax return for the Court's consideration in assessing bail, *see* Exhibit 19.[2]

Further, his ex-wife, Ms. Sillas, is currently sick with cancer. She recently had a tumor removed, and needs regular treatment. She sees a specialist once per month for her cancer treatment, and is also going to counseling for depression regularly.

### III. Argument

**A. Mr. Parra can post a personal percentage bond of $30,000, co-signed by his son who has legal status, and secured by Mr. Parra's home**.

The Court requested Mr. Parra to provide briefing and exhibits detailing his financial resources and assets. ECF No. 96 at 2. The Court also requested Mr. Parra suggest a bail amount. *Id*.

Mr. Parra respectfully recommends a personal percentage bond of $30,000 would be appropriate in this case to secure his subsequent appearances in court. Mr. Parra proposes his son, Mr. Borquez, who has lawful permanent residency in the United States, would co-sign the bond. The bond could be

---

[2] Mr. Parra is happy to provide more tax returns if the Court finds it helpful in determining the propriety of pretrial release.

Supplemental Briefing re: Defendant's
Motion for Detention Review
pg. 8

secured by Mr. Parra's house, located at 43405 N 280 PRNE in Benton City, Washington. Alternatively (or additionally), Mr. Borquez has indicated his willingness to secure bail with his 2018 Ford Lightning truck.

**B. The Court can impose the conditions recommended by U.S. Probation, ECF No. 45, to ensure Mr. Parra's subsequent appearances and the safety of the community.**

When a defendant is charged with a controlled substances offense which carries a maximum term of imprisonment of ten years or more, there is a *rebuttable* presumption that no conditions will reasonably secure the defendant's subsequent court appearances or the safety of the community. 18 U.S.C. § 3142(e)(3). The rebuttable presumption shifts the burden of production to the defendant, but the Government still bears the burden of persuading the Court that no conditions will assure appearance or community safety. *See, e.g., U.S. v. Clark*, 791 F.Supp. 259, 260 (E.D. Wash. 1992). "Some" evidence that defendant is not a flight risk and does not pose a danger to the community rebuts the presumption of detention. *Clark*, 791 F.Supp. at 260-61 (preponderance of evidence showed defendant did not pose a flight risk because of his need for close medical supervision, his ties to the community, and a stable residence if released; and the evidence was unclear and unconvincing defendant posed a danger where the Government alleged defendant continued dealing narcotics after his initial arrest and release occurring prior to the indictment). Doubts concerning the

Supplemental Briefing re: Defendant's
Motion for Detention Review
pg. 9

propriety of release must be resolved in the defendant's favor. *U.S. v. Gebro*, 948 F.2d 1118, 1121 (9th Cir. 1991).

Here, Mr. Parra has overcome the presumption of detention because he has shown substantial ties to the community and is willing to abide by release conditions which will reasonably assure his subsequent court appearances and community safety. Mr. Parra has owned and operated businesses in the community since at least 2004. While he is currently unemployed, and currently does not own or operate any of those businesses, he is willing to obtain lawful employment, and is willing to submit to electronic home monitoring. Further, he has resided in the community for 22 years, and all of his immediate family resides in the community. His ex-wife, whom Mr. Parra has resumed relations with, also needs regular medical treatment for her cancer. His family's residence in the community and his ex-wife's treatment needs are substantial ties to the community which will ensure Mr. Parra does not flee the jurisdiction of this Court. He is willing to surrender any passport he possesses, and he has not traveled to Mexico since his arrival in the United States. His release would be secured by a bond. Thus, the preponderance of the evidence shows Mr. Parra is not a flight risk.

As for community safety, the Government's allegations of danger to the community are not clear and convincing, and any doubts must be resolved in Mr. Parra's favor. *Gebro*, 948 F.2d at 1121. Mr. Parra's history shows he has no prior

criminal offenses, and the "weight of the evidence" in this case is the *least* important factor for the Court's consideration of pretrial release. The proposed release conditions should further assure the Court and the Government that Mr. Parra poses no danger while trial is pending; he will be residing with his family, can obtain employment, is willing to submit to electronic monitoring, and his pretrial release would be secured by a substantial bond.

## IV. Conclusion

For the reasons listed above, Mr. Parra respectfully requests the Court order his pretrial release in this matter.

Respectfully submitted this 1st day of January 2020.

MAXEY LAW OFFICE PLLC

*s/ Bevan J. Maxey*
**Bevan J. Maxey**, WSBA No. 13827
Attorney for Defendant, Julio Leal Parra

# Certificate of Service

I hereby certify that on January 1, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following, and/or I hereby certify that I have mailed by U.S. Postal Service the documents to the following non-CM/ECF participant(s):

**Stephanie A. Van Marter**
Assistant U.S. Attorney
P.O. Box 1494
Spokane, WA 99210-1494

*s/ Alexa Actor-McCully*
Alexa Actor-McCully
Legal Assistant to Bevan J. Maxey